UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL CONLEY, | : | Case No.: |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| FUTURE MOTION, INC., | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

COMES NOW Plaintiff MICHAEL CONLEY, by his attorney, D. AUSTIN

GILLIS, GILLIS LAW FIRM, complaining of the Defendants herein, allege as

follows:

## THE PARTIES

1.      At all times hereinafter mentioned, Plaintiff, MICHAEL CONLEY, was and

still is a citizen of the State of Georgia, residing in Roswell, Georgia.

2.      Upon information and belief, at all times hereinafter mentioned, Defendant

FUTURE MOTION, INC. was and still is a foreign corporation incorporated in the

State of Delaware, duly authorized to do business in the State of Georgia, having

its principal office for the transaction of business in the City of Santa Cruz, County

of Santa Cruz and the State of California.

3.      Upon information and belief, at all times hereinafter mentioned, Defendant

FUTURE MOTION, INC. was in the business of designing, selling, manufacturing

and/or distributing products for the purpose of sale and use to the general public.

4.      Upon information and belief, at all times hereinafter mentioned, Defendant

FUTURE MOTION, INC. transacted and conducted business in the State of

Georgia.

5.      Upon information and belief, at all times hereinafter mentioned, Defendant

FUTURE MOTION, INC. derived substantial revenue from goods and products

used in the State of Georgia.

6.      Upon information and belief, at all times hereinafter mentioned, Defendant

FUTURE MOTION, INC. expected or should have expected its acts to have

consequences within the State of Georgia and derived substantial revenue from

interstate commerce within the United States, and within the State of Georgia in

particular.

7.      Additionally, at all material times, Defendant FUTURE MOTION, INC.

submitted itself to the jurisdiction of this Honorable Court by doing personally or

through its agents, the following acts:

        a.      Conducting and engaging in substantial business and other

activities in Georgia by selling its products to persons, firms, or corporations in this

state. Such products were purchased and used by consumers in Georgia in the

ordinary course of commerce and trade;

        b.      Committing a tortious act within this state by designing,

assembling, manufacturing, testing, selling and delivering defective products,

which are the subject of this Complaint, to persons, firms, or corporations in this

state. Such products were used by consumers in Georgia in the ordinary course of

commerce, trade, or use. Such tortious acts resulted in substantial injuries to

persons, including Plaintiff MICHAEL CONLEY, in Georgia;

        c.      Causing injury to persons in Georgia, including Plaintiff

MICHAEL CONLEY, at or about the time said injuries occurred, Defendant

FUTURE MOTION, INC. engaged in solicitation activities in Georgia to promote

the sale, consumption, and use of its products; and

        d.      Manufacturing, selling, and delivering defective products,

including a self-balancing electric board/recreational personal transporter, often

described as an electric skateboard, known as a Onewheel Pint (hereinafter

"Onewheel Pint"), with knowledge or reason to foresee that its products would be

shipped in interstate commerce and would reach the market of Georgia users or

consumers.

8.     The events, acts, errors, and/or omissions that give rise to this action

occurred in Fulton County, Georgia.

## JURISDICTION & VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. Section 1332(a)(1), as a consequence of the fact that the matter in

controversy exceeds the sum or value of $75,000.00, exclusive of interest and

costs, and is between citizens of the State of Georgia and citizens or subjects of a

foreign State.

10.     This Court has personal jurisdiction over the Defendants herein because

Defendants transact business within the State of Georgia and this district; have

availed themselves of the privilege of conducting activities within the State of

Georgia and this district; and have engaged in the activities giving rise to this

lawsuit within the State of Georgia and this district.

11.     Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(a)(b)

because Defendants maintain offices within this district and/or are transacting

business in this district; and a substantial part of the events or omissions giving rise

to the claim occurred in this district.

## ALLEGATIONS COMMON TO ALL CLAIMS

12.     At all times hereinafter mentioned, Defendant FUTURE MOTION, INC.

designed and manufactured, offered for sale, sold and delivered to Plaintiff

MICHAEL CONLEY, directly, a self-balancing electric board/recreational

personal transporter, often described as an electric skateboard known as a "Onewheel Pint" bearing Serial Number 2025157917.

13.     Defendant FUTURE MOTION, INC. developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, supplied, and/or sold the Onewheel Pint in the course of its business and continued to do so.

14.     Defendant FUTURE MOTION, INC. did in fact develop, test, assemble, manufacture, package, label, prepare, distribute, market, retail, supply, and/or sell the Onewheel Pint, including the distribution of promotional materials, publicity, and/or information to Plaintiff MICHAEL CONLEY, including but not limited to, the information printed on the instructions for use, labeling, and/or packaging.

15.     Defendant FUTURE MOTION developed, designed, and engineered all of the Onewheel Pint subsystems, including motors, power electronics, battery modules, firmware, software, and smartphone applications.

16.     At all material times Defendant FUTURE MOTION sold and delivered the Onewheel Pint directly to Plaintiff MICHAEL CONLEY.

17.     Defendant FUTURE MOTION, INC. expected the Onewheel Pint to reach consumers in the State of Georgia, including Plaintiff MICHAEL CONLEY, without substantial change in the condition.

18.     Videos on Defendant FUTURE MOTION's website depict users riding the Onewheel Pint in a variety of settings: through standing water, on roadways (with

cars in the vicinity), across dirt paths, gravel roads, on the beach, through deep sand, through wooded areas, and on and off the sidewalk.

19.     There are miscalculations in the design and operation of the Onewheel Pint that cause the board to cease balancing the operator while in use, causing the front of the board to dip and touch the ground and sometimes stop altogether, ejecting the unsuspecting rider forward and off the board. This unreasonably dangerous defect as alleged herein (hereinafter referred to as a "nosedive") caused severe injuries to Plaintiff MICHAEL CONLEY in his ordinary use of the Onewheel Pint.

20.     Defendant FUTURE MOTION has equipped the Onewheel Pint with what it calls "Push Back" when the device is approaching its limits during use. Often, however, instead of or in addition to the Push Back, which is allegedly designed as a warning to riders to avoid a dangerous situation, the Onewheel Pint will abruptly nosedive during ordinary use. This almost always results in the rider being thrown off the device. Different factors affect whether, when, and how the Onewheel Pint will nosedive. These factors include: the rider's weight, the tire pressure, the wind direction, the rider's stance, the battery level, the grade of incline or decline, and others. Thus, predicting exactly when or what will cause the Onewheel Pint to nosedive is nearly impossible for the Onewheel Pint rider.

21.     The Onewheel Pint may nosedive while in motion due to: (i) velocity; (ii) ascending hills; (iii) descending hills; (iv) when the battery has too little charge; (v)

6

when the battery has too much charge; (vi) when the Onewheel Pint accelerates too

quickly; (vii) some combination of causes; and (viii) causes that are still not

understood. The Onewheel Pint is also known to abruptly nosedive at random

during ordinary use when none of these factors are present.

22.     Not only is it prohibitively difficult to determine when the Onewheel Pint

will abruptly nosedive during ordinary use, but such unexpected events almost

invariably cause the rider to be ejected and injured, often severely, as in this case.

23.     On or about October 24, 2021, while Plaintiff MICHAEL CONLEY, was

riding the Onewheel Pint on a flat surface outdoors on a greenway that runs

through the woods of Roswell and Alpharetta, Georgia, located in Fulton County,

in accordance with the packaged instructions, the Onewheel Pint, without notice,

suddenly and unexpectedly nosedived while in motion causing said Plaintiff to be

ejected from the Onewheel Pint, and which fall caused Plaintiff to sustain the

serious injuries hereinafter set forth.

24.     At all times material to this action, Plaintiff used the Onewheel Pint in the

manner in which Defendant FUTURE MOTION, INC. intended it to be used.

**AS AND FOR A FIRST, SEPARATE & DISTINCT
CAUSE OF ACTION AS AGAINST DEFENDANT FUTURE MOTION,
INC.
(NEGLIGENCE)**

25.     Plaintiff repeats, reiterates and realleges each and every allegation set forth

in paragraphs "1" through "24" with the same force and effect as though fully set

forth at length herein.

26.     DUTY: In designing, manufacturing, constructing, assembling, testing,

inspecting, labeling, marketing, distributing and/or selling the Onewheel Pint,

Defendant FUTURE MOTION, INC. had a duty to users, operators, and

consumers, like Plaintiff MICHAEL CONLEY, to provide products that were safe

for their intended and foreseeable uses. Defendant FUTURE MOTION, INC. was

under a duty to properly and adequately design, manufacture, construct, assemble,

test, inspect, label, provide adequate warnings for, market, distribute, and sell the

Onewheel Pint in a reasonably safe condition so as not to present a danger to

consumers who reasonably and expectedly under ordinary circumstances would

come into contact with the Onewheel Pint, including Plaintiff MICHAEL

CONLEY.

27.     BREACH: Defendant FUTURE MOTION, INC., its agents, servants and/or

employees were reckless, careless and negligent in, among other things, that they

        a.      Failed to properly design, manufacture, construct, inspect, test,

assemble, and/or sell the Onewheel Pint in a condition that was reasonably safe for

foreseeable uses;

b.      Failed to properly design, manufacture, construct, inspect, test, assemble, and/or sell the Onewheel Pint in such a manner that it had adequate and/or effective safety devices and measures;

c.      Failed to properly design, manufacture, construct, inspect, test, assemble, label, sell, and otherwise place the Onewheel Pint on the market for sale to the public in a condition free of defects and hazards which created an unreasonable danger of injury or death to consumers under normal and foreseeable circumstances, including, but not limited to, (i) nosediving suddenly and without warning (1) when approaching the device's limits during use, (2) while in motion when the battery was low, (3) to prevent overcharging of the battery while collecting kinetic energy, (4) while in motion when experiencing quick acceleration, (5) due to a software/coding issue; (ii) failing to balance while in motion without warning; and (iii) tipping forward while in motion without warning and ejecting riders such as Plaintiff MICHAEL CONLEY, herein;

d.      Marketed, promoted, advertised, and represented that the Onewheel Pint was suitable for use when Defendant FUTURE MOTION, INC. knew or should have known that it was not;

e.      Failed to properly design, manufacture, assemble and or sell the Onewheel Pint in such a manner that it would not unexpectedly nosedive;

f.      Failed and omitted to apprehend and comprehend a potentially

imminent dangerous, hazardous and perilous accident situation, and failed to take

the necessary steps to remedy the same;

g.      Failed to adequately warn the public, including Plaintiff

MICHAEL CONLEY, of the risk of nosedives, which risks and/or dangers were

known or should have been known to said Defendant;

h.      Failed to adequately warn the public, including Plaintiff

MICHAEL CONLEY, that the Onewheel Pint was not properly designed and

constructed to support a rider such that those persons properly using the Onewheel

Pint would be ejected by a sudden nosedive;

i.      Failed to adequately warn the public, including Plaintiff

MICHAEL CONLEY, that the Onewheel Pint would nosedive suddenly and

without a warning when(a) approaching the device's limits during use, (b) while in

motion when the battery was low; (c) to prevent overcharging of the battery while

collecting kinetic energy, (d) due to a software/coding issue.

j.      Failed to adequately warn the public, including Plaintiff

MICHAEL CONLEY, that the Onewheel Pint would fail to balance while in

motion;

k.      Failed to adequately warn the public, including Plaintiff MICHAEL CONLEY, that the Onewheel Pint would suddenly tip forward and eject riders while in motion.

l.      Failed and omitted to notify consumers, as required by law, that a defect exists in the Onewheel Pint that relates to public safety; and

m.      Failed and omitted to recall the Onewheel Pint or, alternatively, retrofit the device to enhance safety.

28.     Upon information and belief, the Onewheel Pint was defective when it left the control of Defendant FUTURE MOTION, INC; and Plaintiff MICHAEL CONLEY could not, by the exercise of reasonable care, have detected or discovered the defect.

29.     CAUSATION: MICHAEL CONLEY was seriously injured when using the Onewheel Pint in the manner normally intended for its use when his board nosedived suddenly and without warning, propelling him forward and to the ground.

30.     The accident and the personal injuries to Plaintiff MICHAEL CONLEY resulting therefrom were caused solely as a consequence of the negligence of Defendant FUTURE MOTION, INC., by and through its agents, servants and/or employees, in designing, manufacturing and selling a defective product with

insufficient warnings, with no negligence on the part of the Plaintiff herein contributing thereto.

31.    DAMAGES: As a foreseeable, direct and proximate result of the wrongful acts and omissions of Defendant FUTURE MOTION, INC., Plaintiff MICHAEL CONLEY, was caused to sustain serious, severe and painful personal injuries, including among other things, a head injury, a right arm injury, right elbow injury and fracture, right forearm injury, requiring surgery and physical therapy, and was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous surgical procedures; was caused to be incapacitated from his usual activities; was caused to experience severe physical and psychological pain, suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

32.    By reason of the foregoing, Plaintiff, MICHAEL CONLEY, has been damaged in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars.

**AS AND FOR A SECOND, SEPARATE & DISTINCT
CAUSE OF ACTION AS AGAINST DEFENDANT FUTURE MOTION,
INC.
(STRICT LIABILITY)**

33.     Plaintiff repeats, reiterates and realleges each and every allegation set forth

in paragraphs "1" through "24" with the same force and effect as though fully set

forth at length herein.

34.     Defendant FUTURE MOTION, INC. is in the business of designing,

manufacturing, constructing, assembling, testing, inspecting, labeling, marketing,

distributing, and/or selling the Onewheel Pint.

35.     Defendant FUTURE MOTION, INC. placed the Onewheel Pint on the

market with knowledge that ordinary and intended use of the Onewheel Pint could

lead to an unpredictable nosedive, like the one described above, which would

foreseeably lead to serious injury of Onewheel Pint users, such as the Plaintiff

MICHAEL CONLEY.

36.     Defendant FUTURE MOTION, INC. knew or should have known that

ultimate users, operators, or consumers would not, could not, and did not know that

the Onewheel Pint would unpredictably nosedive, when the nosedive would occur,

what causes it to occur, etc. Defendant FUTURE MOTION, INC. thereby left its

customers without the ability to protect themselves from the nosedive defect and

the foreseeable serious injuries that could result.

37.     The Onewheel Pint was defective and unreasonably dangerous to ultimate

users, operators or consumers, including Plaintiff MICHAEL CONLEY when sold

and distributed by Defendant FUTURE MOTION, INC. due to its unreasonably

dangerous and unpredictable propensity to nosedive suddenly without warning. This danger was exacerbated by the absence or inadequacy of warnings or instructions from Defendant FUTURE MOTION, INC., which knew or should have known the Onewheel Pint was defective and unreasonably dangerous to users.

38.    Further, the Onewheel Pint was defective and unreasonably dangerous to Defendant FUTURE MOTION, INC.'s customers and Onewheel users, including Plaintiff MICHAEL CONLEY, when sold and distributed by said Defendant, because of design defects for which there were no appropriate warnings. These defects include, but are not limited to the following:

a.    The Onewheel Pint was designed, manufactured, assembled, and/or sold in such a manner that it had inadequate and/or defective safety devices and measures in place to prevent or reduce the severity of ejection injuries from unanticipated nosedives;

b.    The Onewheel Pint was designed, manufactured, assembled, and/or sold without adequate testing by Defendant FUTURE MOTION, INC.; and

c.    The Onewheel Pint was designed, manufactured, assembled and/or sold without adequate warnings and instructions regarding defects and dangers known to Defendant FUTURE MOTION, INC., but that would not be

discovered by Onewheel users in the exercise of ordinary care or in the course of

ordinary, intended use of the product.

39.     For the reasons set forth above, the Onewheel Pint was unreasonably

dangerous to foreseeable users, including Plaintiff MICHAEL CONLEY, who

used the Onewheel Pint in an ordinary and foreseeable manner.

40.     The defects described above directly and proximately caused the incident

and damages sustained by Plaintiff MICHAEL CONLEY, in that they directly, and

in a natural and continuous sequence, caused Plaintiff's Onewheel Pint to nosedive

which produced or contributed substantially to his injuries.

41.     The defects described above were in existence at the time the Onewheel Pint

left the possession, custody, and control of Defendant FUTURE MOTION, INC.

The Onewheel Pint was not substantially changed or altered in the time between its

distribution to Plaintiff and the incident described in this complaint.

42.     As a foreseeable, direct and proximate result of the wrongful acts and

omissions of Defendant FUTURE MOTION, INC., Plaintiff MICHAEL CONLEY

was caused to sustain serious, severe and painful personal injuries, including

among other things, a head injury, a head injury, a right arm injury, right elbow

injury and fracture, right forearm injury, requiring surgery and physical therapy,

and he was rendered sick, sore, lame, disabled, and otherwise infirm, suffering

internal injuries, physical pain, and mental anguish; was compelled to seek medical

care and attention, incurring expenses in connection therewith, in an attempt to

rectify and remedy his sick, sore, lame, and disabled condition; was caused to

undergo numerous surgical procedures; was caused to be incapacitated from his

employment and usual activities; was caused to experience severe physical and

psychological pain, suffering, required surgery and treatment, incurred expenses,

lost earnings, shortened life expectancy, and in other respects, was damaged.

43.     By reason of the foregoing, Plaintiff MICHAEL CONLEY has been

damaged in an indeterminate sum of not less than Five Million ($5,000,000.00)

Dollars.

## JURY DEMAND

44.     Plaintiffs hereby demand trial by jury.

## RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, as

follows:

On the First Cause of Action against Defendant FUTURE MOTION, INC.

for compensatory and punitive damages in an indeterminate sum of not less than

Five Million ($5,000,000.00) Dollars;

On the Second Cause of Action against Defendant FUTURE MOTION,

INC. for compensatory and punitive damages in an indeterminate sum of not less

than Five Million ($5,000,000.00) Dollars; and

Together with interest, counsel fees and the costs and disbursements

of this action.

Respectfully submitted this 2nd day of July, 2024.

**GILLIS LAW FIRM, LLC**

                                                    _/s/ D. Austin Gillis_
                                                    D. Austin Gillis
                                                    Georgia Bar No. 141413
                                                    Molly Barrett Gillis
                                                    Georgia Bar No. 301106
                                                    Attorneys for Plaintiff

531 Roselane Street NW
Suite 200
Marietta, Georgia 30060
Phone: (770) 675-6447
Fax: (770) 215-8537
Austin@gillisfirm.com
Molly.gillis@gillisfirm.com